UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7|29|19

KEVIN PERRY,

                               Plaintiff,

    -against-

CAPTAIN ROBERT SLENSBY,

                               Defendant.

No. 16-CV-08947 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

Plaintiff Kevin Perry ("Plaintiff" or "Perry")) filed this action against Captain Robert Slensby ("Defendant" or "Slensby") under 42 U.S.C. § 1983 ("Section 1983" or "§ 1983"), alleging gender-based sexual harassment in violation of the Equal Protection Clause of the Fourteenth Amendment. (*See* First Amended Complaint, ("FAC"), ECF No. 17.) Plaintiff claims that Defendant's alleged behavior over a period of about two years constituted sex-based workplace discrimination that resulted in a hostile work environment for Plaintiff. (*Id.*)

Defendant now moves for summary judgment, pursuant to Fed. R. Civ. P. 56. (*See* ECF No. 41.) For the reasons stated below, Defendant's motion is GRANTED.

## PROCEDURAL BACKGROUND

On February 28, 2018, the Court issued an Opinion and Order denying Defendant's Motion to Dismiss. The Court held that "Plaintiff is barred from basing his Section 1983 claim for events that allegedly took place before November 17, 2013."[1] (Defendant's Memorandum of Law in

---

[1] In 2012, during Plaintiff's medical leave, Plaintiff testified he received a telephone call from Defendant for a home check. Plaintiff claims that he did not answer the telephone because he was using the bathroom. When Plaintiff told this to Defendant, Plaintiff claims that Defendant responded, "Were you playing with your meat? Were you stroking your dick?" Because the Court has already ruled that such allegations, even if true, fell outside the statute of limitations, it will not consider evidence related to these allegations for the purposes of the instant motion.

Support of Motion for Summary Judgement ("DMSJ") ¶ 1.) The Court also held that "the conduct Plaintiff alleges occurred following the [July 22, 2014] booking room incident cannot reasonably be said to constitute or contribute to harassment.[2] (*Id.*)

**FACTUAL BACKGROUND**

The Court presumes familiarity with the general background and procedural history of this case. The following relevant facts to this motion are derived from the parties' respective 56.1 statements and the relevant exhibits attached thereto. (*See* Plaintiff's 56.1 Statement, ("Pl. 56.1"), ECF No. 49; Defendants' 56.1 Statement, ("Def. 56.1"), ECF No. 44.)

Plaintiff worked for the Westchester County Department of Corrections since 2001. (Pl. 56.1 ¶ 1.) At all relevant times to this lawsuit, he held the rank of Corrections Officer. (*Id.*) Defendant has been employed by the Westchester County Department of Correction ("DOC") since 1990. (*Id.* ¶ 2.) Defendant has held the rank of Sergeant and Captain. (*Id.*) According to Defendant, he was promoted to Captain in 2013. (Def. Dep. at 34, ECF No. 46-2.) At all relevant times to this lawsuit, Plaintiff was assigned to the DOC's Booking unit, and Defendant was one of his supervisors. (Pl. 56.1 ¶ 3.)

**Massaging Incident**

In July 2014, Plaintiff completed a medical leave and returned to work at the DOC. (Pl. Dep. ¶ 177.) Plaintiff testified that on July 22, 2014, he was in jail booking with Defendant, who had been promoted to Captain, when Defendant placed his hands on Plaintiff's shoulders and began massaging him. (*Id.* ¶ 179-80.) As Defendant did so, Plaintiff testifies that Defendant said

---

[2] In line with the Court's previous holding, the Court will also not consider Plaintiff's testimony that Defendant: (1) placed his hand on Plaintiff in the booking area where the initial incident occurred and asked Plaintiff if he was "all right," and (2) called Plaintiff twice on his cell phone following this exchange and stated, "You don't know my voice by now?"

in a serious tone, "If I was a female, I would fuck the shit out of you, and I would get a strap on and go for broke up your ass." (*Id.* ¶ 179-81.) Another Officer, named Officer Mateo, was present. Plaintiff claims that Officer Mateo smiled and stated, "What man says that to another man," in response to which Plaintiff tensed his shoulders and smirked. (*Id.* ¶ 182-83.) Defendant then walked away. (*Id.* ¶ 183.)

Defendant admits that he was on this booking tour in July and placed his hands on Plaintiff's shoulders soon after Plaintiff returned from his medical leave. (Def. Dep. at 56.) Beyond that, however, Defendant testified that he does not remember his specific actions on July 22, 2014 beyond what he reviewed in video footage. (*Id.* at 57.) At most, Defendant recalls that when Plaintiff came back, Defendant commented that Plaintiff looked so good that Defendant joked about how, if he was a girl, he would "have sex with [him]" or "get some." (*Id.* at 58-59.)

**Video Footage**

The Booking unit area is monitored by a stationary security camera (Camera #9), which records video but not sound. (Pl. 56.1 ¶ 5.) The time is recorded in the upper left corner of the video. The video constitutes Ex. 1 to the accompanying Declaration of David H. Chen begins at 23:00:00 (11 pm) on July 21, 2014 and ends on 02:00:00 on July 22, 2014. (*Id.* ¶ 5.) At 01:38:00, Plaintiff can be seen sitting at his desk in the upper-right corner of the video, facing away from the camera. (*Id.* ¶ 7.) Plaintiff (who is African-American and is wearing a cap) is partially obscured by Officer Glenn Mateo (who is Caucasian and partially bald), who is sitting directly behind Plaintiff (closer to the camera and facing to the right.) (*Id.*)

At 01:38:09, Defendant enters the Booking area where Plaintiff and Officer Mateo are both seated, through the door of an office that can be seen at the top right of the video. (*Id.* ¶ 8.) Defendant can be distinguished by his white uniform shirt. (*Id.*) At 01:38:13, Defendant

approaches Plaintiff from behind and places his hands on Plaintiff's shoulders. (*Id*. ¶ 9.) At this moment, Defendant is facing away from the camera, and is standing between Plaintiff and Officer Mateo. (*Id*.) From 01:38:14 to 01:38:24, Defendant can be seen massaging Plaintiff's shoulders. (*Id*. ¶ 10.) Defendant does not touch any other part of Plaintiff's body besides Plaintiff's shoulders, and Defendant does not touch Plaintiff's shoulders with any part of his body besides his hands.

At 01:38:25, Defendant turns briefly towards Officer Mateo, and then away from him and Plaintiff towards the counter in the middle of the screen. (*Id*. ¶ 14.) Plaintiff remains at his desk and continues working. (*Id*.) At 01:38:33, Defendant approaches the officer sitting on the far side of the counter and begins speaking with him and the officer who is standing on the near side of the counter, closer to the camera. (*Id*. ¶ 15.) The three of them are joined at 01:38:48 by another officer who enters the Booking area from the right of the screen on the near side of the counter, holding a beverage in his hands. (*Id*.) Plaintiff continues to work at his desk during this period. At 01:39:59, Plaintiff stands up and exits to the right of the screen. (*Id*. ¶ 16.) He re-enters from the right side of the screen at 1:40:10 and walks from right to left into the room from which Defendant emerged approximately two minutes before. (*Id*.) At 01:40:23, Plaintiff walks out of this room into the Booking area, eating something out of a white bag, and walks back to his desk. (*Id*. ¶ 17.) At 01:44:08, Defendant walks away from the counter and exits to the right of the screen. (*Id*. ¶ 18.) Defendant and Plaintiff do not interact again for the remainder of the shift, which Plaintiff completes without further incident.

**Plaintiff's Subsequent Medical Condition**

After the incident on June 22, 2014, Plaintiff testified that he suffered from substantial sleeplessness. (Pl. Dep. ¶ 216.) Plaintiff claims the sleeplessness was due to nightmares of being raped by Captain Sensibly and that these nightmares caused Plaintiff to wake up in sweats. (*Id*.)

Because of these nightmares, Plaintiff claims he takes medications and has called in sick for work. (*Id*. ¶ 216-18.) Plaintiff also claims to have sought psychological treatment from Dr. Sign, Dr. Ovens[3], and then Dr. Weiss[4]. (*Id*. ¶ 227-28.) Plaintiff also received an independent psychological evaluation from Triad Group.[5] His psychological treatment was also for couples counseling. (*Id*. ¶ 229.) Plaintiff claims that the July 2014 incident has made him more irritable and unable to satisfy his fiancé because of his sexual dysfunction (*Id*.) Plaintiff also testified to have suffered from heightened blood pressure and anxiety due to Defendant's actions. (*Id*. ¶ 130, 141, 147.)

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Benn v. Kissane*, 510 F. App'x 34, 36 (2d Cir. 2013).

A court should grant summary judgment when a party who bears the burden of proof at trial "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential

---

[3] *See Exhibit 7* (Dr. Owens finding Plaintiff experiences mild depressive symptoms, severe levels of anxiety, and suffers from posttraumatic stress disorder.)

[4] *See Exhibit 8* (Dr. Weiss finding Plaintiff suffers from an anxiety disorder that he claims is causally related to the 7/22/2014 incident.)

[5] *See Exhibit 9* (UMC Medical Consultants finding "[t]he claimant has a causally related adjustment disorder with anxiety *partially* as a result of the 07/22/2014 incident. It is not posttraumatic stress disorder as Dr. Ovens described and diagnosed. Rather, it is an anxiety disorder as Dr. Weiss diagnosed more correctly, in my opinion.") (emphasis added).

element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323 (internal quotation marks omitted).

In deciding a motion for summary judgment, the Court must "constru[e] the evidence in the light most favorable to the non-moving party and draw[ ] all reasonable inferences in its favor." *Fincher v. Depository Tr. & Clearing Corp.*, 604 F.3d 712, 720 (2d Cir. 2010) (internal quotation marks omitted). The nonmoving party "may not rely on conclusory allegations or unsubstantiated speculation." *FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (internal citation and quotation marks omitted). Further, "[s]tatements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment." *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999). The Court considers facts that are admissible in evidence. *Raskin v. Wyatt Co.,* 125 F.3d 55, 66 (2d Cir. 1997). A party must support its position by citing to materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations admissions, interrogatory answers, or other materials. FRCP Rule 56 (c)(1). Affidavits may be used to support or oppose summary judgment if the Affidavit is "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Rule 56(c)(4). *See also DiStiso v. Cook*, 691 F.3d 226, 230 (2d. Cir. 2012).

## DISCUSSION

### I. Hostile Work Environment

The Court finds Plaintiff has not maintained a triable issue of fact to support a Title VII discrimination claim. To prevail under Title VII on a hostile work environment theory, a plaintiff must show the workplace "is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently pervasive to alter the conditions of the victim's employment*." Brennan v. Metro.*

*Opera Ass'n*, 192 F.3d 310, 318 (2d Cir. 1999) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). The standard has both subjective and objective components: conduct complained of must be so severe that a reasonable person would find it hostile or abusive, "and the victim must subjectively perceive the work environment to be abusive." *Littlejohn v. City of New York*, 795 F.3d 297, 221 (2d Cir. 2015). Moreover, a plaintiff "must also demonstrate that she was subjected to the hostility because of her membership in a protected class." *Brennan*, 192 F.3d at 318.

Here, neither party disputes that Plaintiff found Defendant's conduct subjectively hostile. Therefore, what is at issue is whether Defendant's actions were objectively hostile.[6] On this, the Court finds that a trier of fact would not find Defendant's actions to be hostile because: (1) employees in the DOC routinely used sexual language and joked with each other; (2) Defendant was not violent with Plaintiff when he massaged Plaintiff's shoulders; (3) Defendant complied with Plaintiff's request to never touch him again; (4) Defendant's conduct did not cause humiliation; and (5) Defendant's conduct did not alter Plaintiff's work performance. Additionally, Plaintiff has failed to establish defendant was motivated by sexual desire. Thus, Plaintiff's Title VII discrimination claim does not survive summary judgment.

### A.        Booking Room Incident Not Objectively Severe

The booking room incident was insufficient to meet the objective requirement for a hostile work environment claim. "[W]hether an environment is [objectively] "hostile" or "abusive" can be determined only be looking at all the circumstances." *Harris*, 510 U.S. at 23. These circumstances may include: "(1) the frequency of the conduct, (2) the severity of the conduct, (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance, and (4) whether the conduct unreasonably interferes with the employee's work performance."

---

[6] Defendant does not oppose the Plaintiff subjectively believed the environment to be hostile. (Defendants Reply Motion to Dismiss ("DRM") ¶ 4-5.)

*Brennan*, 192 F.3d at 319. If plaintiff is relying on a single incident of sexual assault, the alleged conduct must be "extraordinarily severe." *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 570 (2d Cir. 2000). The Supreme Court has regarded the objective component both as crucial "and as sufficient to ensure that courts and juries do not mistake ordinary socializing in the workplace—such as male-on-male horseplay or intersexual flirtation—for discriminatory conditions of employment." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998). "Common sense, and an appropriate sensitivity to social context, will enable courts and juries to distinguish between simple teasing or roughhousing among members of the same sex, and conduct which a reasonable person in the plaintiff's position would find severely hostile or abusive." *Id.*

Courts have held that a defendant's actions are objectively hostile when the single incident is violent and intentional, or when the defendant frequently makes unwelcome sexual contact and statements. *Gregory v. Daly*, 243 F.3d 687, 692-93 (2d Cir. 2001); *Wahlstrom v. Metro-North Commuter R. Co.,* 89 F.Supp.2d 506, 511-22 (S.D.N.Y. 2000). In *Wahlstrom*, the Court held the single incident of the defendant approaching plaintiff from behind and slapping plaintiff's buttocks three times to be extraordinarily severe. 89 F.Supp.2d at 511-22. Additionally, courts find an environment is severe when a plaintiff raises multiple incidents of demeaning statements and sexually harasses the plaintiff. *See e.g.*, *Gregory*, 243 F.3d at 692-93 (finding that plaintiff endured an objectively hostile environment when defendant: made demeaning statements, initiated unwelcome sexual physical contact, intimidated her by continuing to stand close to her after she asked him to move away, used foul language, and made sexually explicit comments).

Additionally, a defendant's actions are objectively hostile when they are physically threatening and/or humiliating. *Redd v. New York Div. of Parole*, 678 F.3d 166, 178-79 (2d. Cir. 2012) (finding defendant's actions to be physically threatening and humiliating where the plaintiff

8

tried to avoid defendant but was repeatedly called into defendant's office and where defendant touched plaintiff's breasts in front of another parole officer); *Howley v. Town of Stratford*, 217 F.3d 141, 148-55 (2d Cir. 2000) (finding defendant's tirade of sexually explicit insults against plaintiff in front of her subordinates subverted her ability to function in the workplace).

Here, a reasonable jury could not find Defendant's actions objectively hostile. Again, social context is crucial in evaluating whether a reasonable person in the plaintiff's position would find the defendant's actions simple teasing between members of the same sex or severely hostile. Here, Plaintiff himself testified to the work environment of the DOC by stating employees joked with each other, used vulgar and sexual language with each other, talked about sex with each other, and put their hands on each other. (Pl. Dep. ¶ 230-32.) Even Officer Mateo testified to both Plaintiff and Defendant laughing after the incident. (Def. Ex. 5, at 85.) Additionally, Plaintiff himself testified to laughing.[7] Hence, a trier of fact could not find Defendant's statements and shoulder massage to be severely hostile, particularly since such conduct was common in the DOC.

Defendant's conduct is also not objectively hostile because the single incident was neither egregious nor frequent. Defendant only massaged Plaintiff's shoulders once. Additionally, unlike defendants who frequently made demeaning statements, initiated unwelcome sexual physical contact, intimidated employees, used foul language, and made sexually explicit comments in public, here, there was only one instance of unwanted touching and foul language that was neither violent nor lasting. (*See* Pl. Dep. ¶139.)

---

[7] In Plaintiff's Amended Complaint, Plaintiff alleges he did not laugh in response to Defendant's actions. But, during Plaintiff's deposition, Plaintiff stated "if you want to say it was a laugh, it was a laugh." (Pl. Dep. ¶187.) The Court finds Plaintiff's Amended Complaint contradicts his deposition. *See Lawson v. Homenuk*, 710 F. App'x 460, 464 (2d Cir. 2017) (finding plaintiff could not create an issue of fact by submitting an affidavit which stated she was insulted daily for over a year for her mental health since it contradicted her deposition where she only recalled one instance of mental health remarks.)

Moreover, Defendant's action cannot be objectively hostile because Defendant did not physically threaten and humiliate Plaintiff. Unlike in *Redd*, where the Court found a jury could find defendant's actions to be physically threatening because the plaintiff would try to avoid the defendant's sexual advances and calls into his office, here, Plaintiff testified that he was never afraid of Defendant. (Pl. Dep. ¶139.) The incident was also not physically threatening because Defendant acted with coworkers present in the vicinity. Further, Plaintiff did not have to avoid any repeated acts because Defendant complied with Plaintiff's request to never touch him again. In sum, no jury could find Defendant's conduct objectively hostile.

**B.     Plaintiff Was Not Harassed Because of His Sex**

Even if the Court were to find Defendant's actions objectively hostile, the Plaintiff fails to show that Defendant's actions were motivated by Plaintiff's sex. "[The Court has] never held that workplace harassment, even harassment between men and women, is automatically discrimination because of sex merely because the words have sexual content or sexual connotations." *Oncale,* 523 U.S. at 80. "The critical issue, as Title VII's text indicates, is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed." *Id.* (quoting *Harris*, 510 U.S. at 25) (Ginsburg, J., concurring). "The Supreme Court has instructed that, on summary judgement, a plaintiff who alleges same-sex harassment must come forth with evidence demonstrating that: (1) the harasser was homosexual; (2) the harasser was 'motivated by general hostility to the presence of [men] in the workplace'; or (3) the harasser 'treated members of both sexes [differently] in a mixed-sex workplace.'" *Fernandez v. City of N.Y.*, No. 12-CV-2125 RWS, 2012 U.S. Dist. LEXIS 88516, AT *15 (S.D.N.Y. June 22, 2012) (quoting *Oncale*, 523 U.S. 75, 80-81).

Here, Plaintiff has not proffered sufficient evidence for a trier of fact to find an inference of discrimination based on sex. When Plaintiff was asked during his deposition if there were any other individuals verbally sexually harassed by Defendant, he replied yes and stated, "[o]ne was female and also two other males." (Pl. Dep. ¶ 103.) Thus undercuts Plaintiff's argument that Defendant's sexually-charged comments were directed to Plaintiff because of his sex. Further, when Plaintiff was asked if Defendant was fair with his subordinates or if Defendant plays favorites, Plaintiff was only able to allege he subjectively believed Defendant plays favorites, but did not allege it he favored one sex over the other. (Pl. Dep. ¶ 105.) Lastly, a jury would not be able to draw an inference of discrimination based on Defendant massaging plaintiff's shoulders, a non-sexual body part, while making sexual statements. *Redd*, 678 F.3d at 179 (finding plaintiff defeated the defendant's summary judgement by citing three different occasions where the defendant touched her breasts because there was repeated touching of a gender-specific body part.); *see also Moran v. Fashion Inst. Of Tech.,* 00 Civ. 1275 KMW, 2002 U.S. Dist. LEXIS 19387, at *15 (S.D.N.Y. Oct. 7, 2002) (finding that defendant touching plaintiff's shoulders for less than a minute insufficient to claim defendant was homosexual.); *Johnson* v. *Hondo, Inc.*, 125 F.3d 408, 412 (7th Cir. 1997) (finding expressions such as, "fuck me," "kiss my ass," and "suck my dick," are commonplace in certain circles and they have no connection with the sexual acts even when accompanied by "crotch-grabbing" gestures.)[8]

Thus, the Court finds that Plaintiff has not maintained a triable issue of fact to support Defendant's actions being discriminatory and due to Plaintiff's sex.

---

[8] Plaintiff testified at his deposition that officers **and** himself joked around each other, used vulgar language with each other, used sexual language with each other, and put hands on each other. (Pl. Dep. ¶ 230-32.) Plaintiff's own testimony reflects that some vulgar language was innate to the environment of the DOC, and that he partook in similar banter himself. Because of this, the Court finds Defendant's statements would not allow a reasonable jury to conclude Defendant was homosexual and harassing Plaintiff based on his sex. (Pl. Dep. ¶ 230-32.)

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion for Summary Judgment in its entirety. The Clerk of the Court is respectfully requested to terminate the motion at ECF No. 41, enter judgment in favor of Defendant, and close the case.

Dated:   July 29, 2019
          White Plains, New York

SO ORDERED:

_____

NELSON S. ROMÁN
United States District Judge